IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CHRISTOPHER E. WILSON, | ) | |
| Plaintiff, | ) | Civil Action No. 7:23-cv-00088 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| MRS. TRUEHEART, *et al.*, | ) | United States District Judge |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Christopher E. Wilson, who is housed at the New River Valley Regional Jail in Dublin,

filed this civil rights action *pro se*, naming six defendants in the style of the complaint.  The

matter is before the court for review pursuant to 28 U.S.C. § 1915A.  For the reasons set forth

below, the court concludes that Wilson has failed to state a claim for which relief can be granted,

and his claims must be summarily dismissed.  However, because it is possible that he may be

able to state sufficient additional facts to state a valid claim, the court will dismiss the complaint

without prejudice and allow Wilson to file an amended complaint and a motion to reopen within

thirty days, should he choose to do so.

I.  BACKGROUND

Wilson's complaint names six defendants: Mrs. Trueheart and Officers Trainer, Banard,

Hill, ODeal, and Fleming.  His complaint is fairly brief.  In a place on the form where he was

directed to state his first claim, Wilson alleges:

> No in-house charge or trial to defend against punishment in solitary
> confinement, also constitutional violation from last time searching
> phone without warrants.

(Compl. 2, Dkt. No. 1.)

For his second claim, he alleges:

> Officers incited inmates with false claims of which they were actual
> culprits of claim they blamed me for which caused me to get moved
> around until they put me in segregation.

(*Id.*)  For relief, he asks for "compensation for the cruel and unusual punishment and charges to

be brought for [their] misdeeds in child abuse and harming my wrist last time." (*Id.* at 3.)

Wilson's complaint does not offer any additional detail as to his claims, and he does not

include any documents or other information about them.  His complaint does not indicate when

any of the alleged events occurred, how long he was in solitary confinement or segregation, or

whether he was a pretrial detainee or a convicted prisoner at the time of these events.  He also

refers twice to "last time," which the court interprets as referring to a prior period of

incarceration in that facility.  As such, and to the extent different defendants were involved in

different, discrete events at different periods of time, the claims and defendants may not be

properly joined here.  *See* Fed. R. Civ. P. 18, 20.

Wilson does not specify which constitutional rights he believes were violated, and

Wilson's allegations are not entirely clear, either.  But it appears he is alleging that some

unspecified person falsely accused him of conduct that put him at a risk of harm from other

inmates.  He was then "moved around" and ultimately placed in segregation, without an "in-

house charge or trial," which he claims was unconstitutional punishment.  The court construes

his complaint as including a claim that he was placed in segregation without due process and a

failure-to-protect claim, although he does not claim that he ever suffered any injury or harm.

Moreover, as is obvious from the quoted material above, he does not identify any particular steps

that any of the named defendants took against him, or which defendant was responsible for any

alleged violation.  Thus, the court construes both claims as being brought against all defendants.

## II.  DISCUSSION

Pursuant to 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See also* 28 U.S.C. § 1915(e)(2) (requiring court, in a case where plaintiff is proceeding *in forma pauperis*, to dismiss the case if it is frivolous or fails to state a claim on which relief may be granted).  Pleadings of self-represented litigants are given a liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).  Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).  Applying these standards to Wilson's complaint, the court concludes that it fails to state a claim for which relief can be granted.  Thus, it must be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

As noted, Wilson does not indicate whether he was a convicted prisoner or pretrial detainee at the time that he was placed in segregation.  For a pretrial detainee, the court would evaluate both of these claims under the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Tate v. Parks*, 791 F. App'x 387, 390 (4th Cir. 2019).

On the other hand, if he was a convicted prisoner at the time of the events, his failure-to-protect claim would be analyzed under the Eighth Amendment. *See Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (explaining that prison officials have an obligation to take reasonable precautions not "protect prisoners from violence at the hands of other prisoners" and analyzing a convicted prisoner's failure-to-protect claim as an Eighth Amendment claim).  Moreover, any procedural due process claim would likely fail because convicted prisoner does not have an

inherent constitutional liberty interest in avoiding segregation and can show a state-created liberty interest only by showing that the conditions imposed an "atypical and significant hardship in relation to the incidents of prison life." *Smith v. Collins*, 964 F. 3d 266, 274 (4th Cir. 2020) (citing *Sandin v. Conner*, 515 U.S. 472 (1995)).

Regardless of which standard applies here, Wilson has failed to state an adequate claim against any defendant because he has failed to state what any defendant personally did. "To state a claim under § 1983[,] a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017) (internal quotation marks omitted). Liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (internal citation omitted). Thus, a § 1983 claim requires factual detail about each defendant's personal involvement. *See Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) (explaining that liability will lie under § 1983 only "where it is affirmatively shown that the official charged acted personally" in the violation of plaintiff's rights and affirming dismissal of claim where plaintiff did not allege personal involvement by defendant) (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)).

The Fourth Circuit recently emphasized this principle in *Langford v. Joyner*, __ F. 4th __, 2023 WL 2335957, at *4 (4th Cir. Mar. 2, 2023), making clear that collectively deeming "defendants" to have committed some act generally is insufficient to state a claim against any of them. The *Langford* Court agreed with courts that were "critical of complaints that fail to isolate the allegedly unconstitutional acts of each defendant, or that make only categorical references to

4

defendants." 2023 WL 2335957, at *2 (cleaned up).  Because Wilson fails to identify anything that any particular defendant did, his complaint fails to state a claim and must be dismissed.

<h3 style="text-align:center">III.  CONCLUSION</h3>

For the foregoing reasons, the court will summarily dismiss Wilson's complaint, pursuant to 28 U.S.C. § 1915A(b)(1), for failing to state a claim upon which relief may be granted.  In consideration of his status as a *pro se* litigant, however, and because he may be able to state sufficient factual allegations to state a plausible claim or claims, the court will dismiss the complaint without prejudice and allow him an opportunity to file an amended complaint, if he so chooses.

An appropriate order will be entered.

Entered: April 6, 2023.

*/s/ Elizabeth K. Dillon*

Elizabeth K. Dillon
United States District Judge